UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

CIT BANK, N.A.,

                Plaintiff,

   -v-                                     1:17-CV-221

PATRICK DORVIL and
EILEEN M. DANIEL,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

WINDELS, MARX LAW FIRM          RACHEL B. DRUCKER, SEQ.
Attorneys for Plaintiff                 SEAN K. MONAHAN, ESQ.
156 West 56th Street
New York, NY 10019

DAVID N. HURD
United States District Judge

**<u>DECISION and ORDER</u>**

**I. <u>INTRODUCTION</u>**

      On February 24, 2017, plaintiff CIT Bank, N.A. ("CIT Bank" or "plaintiff") filed this action against defendants Patrick Dorvil ("Dorvil") and Eileen M. Daniel ("Daniel") (collectively "defendants") seeking to foreclose on a mortgage encumbering real property located at 480 Clinton Avenue in Albany, New York (the "Property"), and to secure other relief allowed by terms of the mortgage.  Although defendants were served on March 3, 2017, neither Dorvil nor Daniel answered plaintiff's complaint.  Following a request from plaintiff, the Clerk of the Court entered default against both defendants on April 7, 2017.

On August 2, 2017, CIT Bank moved pursuant to Federal Rule of Civil Procedure ("Rule") 55 seeking a default judgment. To date, neither defendant has appeared in this action and the time to respond or oppose plaintiff's motion has expired. Therefore, the motion will be considered on the basis of the present submissions without oral argument.

## II. BACKGROUND

On June 27, 2005, Dorvil executed and delivered to First Continental Mortgage and Investment Corporation a Note promising to pay $84,694 plus interest to the lender (the "Note"). As security for the Note, Dorvil also executed and delivered a Mortgage encumbering the Property (the "Mortgage").

Thereafter, the Mortgage was assigned to CIT Bank. On April 3, 2008 and April 6, 2009, Dorvil sought and received modifications to certain terms of the Mortgage in an effort to avoid default. Daniel was later added to the Mortgage as an additional obligor as part of a third modification.

Nevertheless, beginning in April of 2016 defendants failed to tender the monthly payments due under the terms of the Note and the Mortgage. Eventually, CIT Bank was forced to exercise its rights under those agreements to accelerate the remaining payments and declare due the entire amount owed on the Note.

## III. LEGAL STANDARD

"Rule 55 sets forth a two-step process that first requires the entry of a default through a notation on the record that the party has defaulted, and then entry of a default judgment, which is the final action in the case." OneWest Bank, N.A. v. Conklin, 310 F.R.D. 40, 42 (N.D.N.Y. 2015) (D'Agostino, J.) (quoting La Barbera v. Fed. Metal & Glass Corp., 666 F. Supp. 2d 341, 346 (E.D.N.Y. 2009)).

"The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." City of N.Y. v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011).  The entry of default is governed by Rule 55(a), which provides:

> When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default.

FED. R. CIV. P. 55(A).

"Although Rule 55(a) contemplates that entry of default is a ministerial step to be performed by the clerk of court, see Pinaud v. Cnty. of Suffolk, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995) (describing 'the entry of a default' as 'largely a formal matter' (internal quotation marks omitted)), a district judge also possesses the inherent power to enter a default, see Beller & Keller v. Tyler, 120 F.3d 21, 22 n.1 (2d Cir. 1997)." Mickalis Pawn Shop, LLC, 645 F.3d at 128.  "The entry of a default, while establishing liability, 'is not an admission of damages.'" Id. (quoting Finkel v. Romanowicz, 577 F.3d 79, 83 n.6 (2d Cir. 2009) (footnote omitted)).

"The second step, entry of a default judgment, converts the defendant's admission of liability in a final judgment that terminates the litigation and awards the plaintiff any relief to which the court decides it is entitled," Mickalis Pawn Shop, LLC, 645 F.3d at 128, subject to the limitation of Rule 54(c), which instructs that "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."  FED. R. CIV. P. 54(c).

In addition to the requirements imposed by the applicable Federal Rules of Civil Procedure, Local Rule 55.2(b) requires a party to submit a clerk's certificate of entry of default, a proposed default judgment, a copy of the pleading, and an affidavit showing that:

1. The party against whom it seeks judgment is not an infant or an incompetent person;

2. The party against whom it seeks judgment is not in the military service or if unable to set forth this fact, the affidavit shall state that the party against whom the moving party seeks judgment by default is in the military service or that the party seeking a default judgment is not able to determine whether or not the party against whom it seeks judgment by default is in the military service;

3. The party has defaulted in appearance in the action;

4. Service was properly effected under FED. R. CIV. P. 4;

5. The amount shown in the statement is justly due and owing and that no party has been paid except as set forth in the statement this Rule requires; and

6. The disbursements sought to be taxed have been made in the action or will necessarily be made or incurred.

## IV. DISCUSSION

The record demonstrates that CIT Bank has complied with the various procedural requirements necessary to secure default. Indeed, default was entered by the Clerk of the Court against both Dorvil and Daniel on April 7, 2017. Further, plaintiff has complied with Rule 55(b) and Local Rule 55.2(b): it has submitted the Clerk's certificate of entry of default against both defendants, a proposed form of default judgment, a copy of the summons and complaint, and an attorney affidavit in compliance with the Local Rules.

The record also demonstrates that CIT Bank is entitled to default judgment. In New York, mortgage foreclosure actions like this one are governed by common law and Article 13

of the Real Property Actions and Proceedings Law ("RPAPL").  See OneWest Bank, N.A., 310 F.R.D. at 44.  Plaintiff's submissions establish the common-law elements necessary to grant foreclosure; that is, it has demonstrated the existence of a debt secured by a mortgage and has produced evidence sufficient to conclude defendants have defaulted on that outstanding debt.  Plaintiff's attorney affidavit further demonstrates that it has complied with the additional procedural requirements in Article 13 of the RPAPL.  Accordingly, plaintiff's motion for default judgment is granted.

## V. **CONCLUSION**

Although this Court has a clear preference for resolving disputes on the merits, defendants have failed to appear or otherwise defend against this lawsuit and CIT Bank's submissions establish that it is entitled to a final judgment in this action.

Therefore, it is

ORDERED that

1. Plaintiff CIT Bank's motion for default judgment is GRANTED;

2. Plaintiff CIT Bank's request for attorneys' fees in the sum of $8,103.50 and for disbursements in the sum of $1,586.03 is GRANTED;

3. Plaintiff shall submit for review a **FULL** and **COMPLETE** proposed Judgment of Foreclosure and Sale which includes the most recent amounts of principal, interest, and other payments due and owing under the Note and Mortgage; and

4. This full and complete proposed Judgment of Foreclosure and Sale shall:

(a) identify a suitable location at which to conduct a public auction of the Property,

(b) nominate an individual to be appointed Referee for purposes of effecting such sale,

(c) name an appropriate outlet in which to publish notice of the time, date, and location of the public auction; and

(d) include any other necessary information required to effect a Judgment of Foreclosure and Sale in accordance with New York law.

IT IS SO ORDERED.


Dated:  December 20, 2017
        Utica, New York.

_____
United States District Judge